## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SHIONOGI INC. AND ANDRX LABS, L.L.C., | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | C.A. No. 1:17-cv-00072-MSG |
| AUROBINDO PHARMA LTD. and AUROBINDO PHARMA USA, INC., | ) ) ) | **REDACTED VERSION** |
| *Defendants*. | ) ) ) | |

## PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR
## MOTION TO ENFORCE SETTLEMENT AGREEMENT

OF COUNSEL:

David. B. Bassett
WILMER CUTLER PICKERING HALE & DORR LLP
250 Greenwich Street
New York, New York 10007
(212) 230-8800
David.Bassett@wilmerhale.com

Vinita Ferrera
Jonathan B. Roses
WILMER CUTLER PICKERING HALE & DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
Vinita.Ferrera@wilmerhale.com
Jonathan.Roses@wilmerhale.com

David P. Yin
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Ave NW
Washington, D.C. 20011
(202) 663-6000
David.Yin@wilmerhale.com

*Attorneys for Plaintiff Shionogi Inc.*

Stephen B. Brauerman (No. 4952)
Sara E. Bussiere (No. 5725)
BAYARD, P.A.
600 N. King Street, Suite 400
P.O. Box 25130
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiffs Shionogi Inc. and*
*Andrx Labs, L.L.C.*

Dated:  May 23, 2018
**Redacted Version Filed: June 6, 2018**

## <u>TABLE OF CONTENTS</u>

NATURE AND STAGE OF THE PROCEEDINGS ......................................................................1

SUMMARY OF ARGUMENT ..............................................................................................2

STATEMENT OF FACTS ...................................................................................................3

      A.    █████████████████████████████████

      B.    █████████████████████████████████

ARGUMENT ....................................................................................................................9

      A.    The Court Has Authority To Enforce An Agreement To Settle ............................9

          1.    The Parties Agreed to All Essential Terms................................................11

          2.    The Parties' Agreement to Settle Did Not Need to Be Reduced to a Formal, Signed Writing ..........................................................................15

      B.    ████████████████████████████████

CONCLUSION.................................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aksoy v. SelecTrucks of Am., LLC*,
   No. CIV.A 08-003-GMS, 2009 WL 2992554 (D. Del. Sept. 18, 2009)....................3, 4, 17, 20

*Augustine Med., Inc. v. Progressive Dynamics, Inc.*,
   194 F.3d 1367 (Fed. Cir. 1999).............................................................................................16

*Corbesco, Inc. v. Local No. 542, Int'l Union of Operating Engineers*,
   620 F. Supp. 1239 (D. Del. 1985)..........................................................................................20

*Danois v. i3 Archive, Inc.*,
   No. CIV.A. 11-3856, 2015 WL 156015 (E.D. Pa. Jan. 12, 2015)..........................................15

*In re DEEPWATER HORIZON*,
   786 F.3d 344 (5th Cir. 2015) ................................................................................................15

*Endo Pharm. Inc. v. Mylan Pharm. Inc.*,
   No. 11-CV-717 (RMB/KW), 2014 WL 2532179 (D. Del. June 2, 2014) .............10, 11, 13, 14

*Foster v. Hallco Mfg. Co.*,
   947 F.2d 469 (Fed. Cir. 1991).................................................................................................9

*Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*,
   540 F.3d 1337 (Fed. Cir. 2008)........................................................................................10, 16

*Maya Swimwear Corp. v. Maya Swimwear, LLC*,
   855 F. Supp. 2d 229 (D. Del. 2012)............................................................................. *passim*

*MedPointe Healthcare, Inc. v. Kozachuk*,
   373 F. App'x 62 (Fed. Cir. 2010)  ....................................................................................15, 16

*Novamedix, Ltd. v. NDM Acquisition Corp.*,
   166 F.3d 1177 (Fed. Cir. 1999)..............................................................................................10

*Orta v. Con–Way Transp.*,
   No. CIV.A. 02-1673, 2002 WL 31262063 (E.D. Pa. Oct. 2, 2002).......................................10

*Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc.*,
   589 F. Supp. 2d 457 (D. Del. 2008)..................................................................10, 11, 13, 15

*Pennwalt Corp. v. Plough, Inc.*,
   676 F.2d 77 (3d Cir. 1982)......................................................................................................9

*Rohm & Haas Elec. Materials, LLC v. Honeywell Int'l, Inc.*,
   No. C.A. 06-297-GMS, 2009 WL 1033651 (D. Del. Apr. 16, 2009) ...............................11, 15

*Sanofi-Aventis v. Apotex Inc.*,
   659 F.3d 1171 (Fed. Cir. 2011) ...................................................................................................16

*Saudi Basic Indus. Corp. v. Exxon Corp.*,
   364 F.3d 106 (3d Cir. 2004) .........................................................................................................9

*Simmonds v. United States*,
   No. CV 16-0365-SLR, 2017 WL 713330 (D. Del. Feb. 22, 2017)............................15, 16, 17

*Wang Laboratories., Inc. v. Applied Computer Sciences., Inc.*,
   958 F.2d 355 (Fed. Cir. 1992)......................................................................................................16

*Wang Labs., Inc. v. Applied Computer Scis., Inc.*,
   741 F. Supp. 992 (D. Mass. 1990) ...............................................................................................16

**State Cases**

*Anchor Motor Freight v. Ciabattoni*,
   716 A.2d 154 (Del. 1998) .............................................................................................................15

*Loppert v. WindsorTech, Inc.*,
   865 A.2d 1282 (Del. Ch. 2004), *aff'd*, 867 A.2d 903 (Del. 2005).................................. *passim*

*Schwartz v. Chase*,
   No. CIV.A. 4274-VCP, 2010 WL 2601608 (Del. Ch. June 29, 2010) ...................................18

**Docketed Cases**

*Aurobindo Pharma USA Inc. v. Andrx Labs, LLC*,
   IPR2017-01648, Paper Nos. 21, 24 ..............................................................................................2

*Aurobindo Pharma USA Inc. v. Andrx Labs, LLC*,
   IPR2018-00530, Paper No. 8 .........................................................................................................2

**Rules**

37 C.F.R. § 42.107.   ............................................................................................................................2



This Court should issue an Order enforcing the terms of that settlement agreement and thereby prevent Defendants from further wasting the time and resources of the parties, this Court, and the Patent Office by continuing to litigate a dispute that has already been resolved.

## NATURE AND STAGE OF THE PROCEEDINGS

This proceeding involves a complaint filed by Shionogi Inc. and Andrx Labs, L.L.C. (collectively "Shionogi" or "Plaintiffs") for patent infringement of U.S. Patent Nos. 6,790,459 ("the '459 Patent") and 6,866,866 ("the '866 Patent") (collectively, the "Patents-in-Suit") against Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc. (collectively "Aurobindo" or "Defendants") on January 25, 2017.  (D.I. 1 at 1.)

After the September 26, 2017, Rule 16 conference with the parties, the Court entered an Amended Scheduling Order on November 22, 2017.  (D.I. 40.)  That scheduling order set forth

case deadlines, certain of which are quickly approaching (*e.g.*, Claim Construction Opening Briefs due by May 25, 2018).[1]  Plaintiffs now respectfully move that the Court issue an Order enforcing the ███████████ settlement agreement between the Plaintiffs and Defendants.

## SUMMARY OF ARGUMENT

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████  "A district court has jurisdiction to enforce a settlement agreement entered into by litigants in a case pending before it." *Maya Swimwear Corp. v. Maya Swimwear, LLC*, 855 F. Supp. 2d 229, 233 (D. Del. 2012).

Here, the settlement agreement between Shionogi and Aurobindo is fully enforceable under Delaware law.  *First*, the parties clearly and explicitly assented in writing to the essential terms of the agreement.  *See Loppert v. WindsorTech, Inc.*, 865 A.2d 1282, 1285 (Del. Ch. 2004) (agreement must be "on all of the terms that the parties themselves regarded as essential" (citation omitted)), *aff'd*, 867 A.2d 903 (Del. 2005).  *Second*, ████████████████████████ ███████████ a formal, signed agreement is not required to bind the parties.  *See Maya Swimwear*, 855 F. Supp. 2d at 234 ("[A] contract comes into existence if a reasonable person would conclude, based on the objective manifestations of assent and the surrounding circumstances, that the parties intended to be bound by their agreement on all essential terms." (quoting *Rohm & Haas Elec. Materials, LLC v. Honeywell Int'l, Inc.*, No. C.A. 06-297-GMS, 2009 WL 1033651,

---

[1]      There are also fast approaching deadlines in the two related *inter partes* review proceedings before the Patent Trial and Appeal Board.  In the proceeding involving the '866 patent, Plaintiffs were to take the deposition of Aurobindo's technical expert on May 16, 2018 (extended by agreement of the parties to May 24, 2018), and were to file the Patent Owner's Response on March 23, 2018 (extended by agreement of the parties to May 31, 2018).  *See Aurobindo Pharma USA Inc. v. Andrx Labs, LLC*, IPR2017-01648, Paper Nos. 21, 24 (P.T.A.B.).  In the proceeding involving the '459 patent, Plaintiffs are scheduled to file the Patent Owner's Preliminary Response by June 7, 2018.  *See Aurobindo Pharma USA Inc. v. Andrx Labs, LLC*, IPR2018-00530, Paper No. 8 (P.T.A.B.); 37 C.F.R. § 42.107.

at *5 (D. Del. Apr. 16, 2009))).  *Third*, ███████████████████████████████

███████████████████████████████.  *See Aksoy v. SelecTrucks of Am., LLC*, No.

CIV.A 08-003-GMS, 2009 WL 2992554, at *2 (D. Del. Sept. 18, 2009) (recognizing that an

"attorney of record in a pending action who agrees to a compromise of a case is presumed to

have lawful authority to make such an agreement."  (quoting *Clark v. Ryan,* No. C.M. 628–K,

1992 WL 163443, at *5 (Del. Ch. June 17, 1992))).   The Court should now issue an Order

enforcing the terms of that explicit settlement agreement between the parties.

**<u>STATEMENT OF FACTS</u>**

**A.**



---

2     Citations to 'Ex. __' refer to exhibits attached to the Declaration of David P. Yin in Support of Plaintiffs' Opening Brief in Support of Their Motion to Enforce Settlement Agreement, filed concurrently herewith.

**B.**







## **ARGUMENT**

Under applicable Delaware law, the Court should enforce the settlement agreement entered into by the parties on ▓▓▓▓▓▓:  as of that date, the parties had agreed to all essential terms of the agreement; an executed written agreement is not required to bind the parties; and ▓▓▓▓▓▓▓▓▓▓▓▓

### A.    The Court Has Authority To Enforce An Agreement To Settle

There is "a strong judicial policy in favor of parties voluntarily settling lawsuits." *Pennwalt Corp. v. Plough, Inc.*, 676 F.2d 77, 80 (3d Cir. 1982); *accord Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 477 (Fed. Cir. 1991) (there is a "strong public interest" in settlements).  When one party wishes to rescind an agreement to settle, this Court can and has "enforce[d] a settlement agreement entered into by litigants in a case pending before it."  *Maya Swimwear Corp. v. Maya Swimwear, LLC*, 855 F. Supp. 2d 229, 233 (D. Del. 2012); *see also Saudi Basic Indus. Corp. v. Exxon Corp.*, 364 F.3d 106, 112 (3d Cir. 2004) (recognizing district court's power to enforce settlement agreement through injunctive relief).  That is because "[p]ermitting

parties to void settlement agreements on a whim, because the agreement becomes unpalatable or the parties become greedier, 'would work a significant deterrence contrary to the federal policy of encouraging settlement agreements.'" *Orta v. Con–Way Transp.*, No. CIV.A. 02-1673, 2002 WL 31262063, *2 (E.D. Pa. Oct. 2, 2002) (quoting *D.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997)).[3]

"Under Delaware law[,] a contract comes into existence if a reasonable person would conclude, based on the objective manifestations of assent and the surrounding circumstances, that the parties intended to be bound by their agreement on all essential terms." *Maya Swimwear*, 855 F. Supp. 2d at 234 (citation omitted); *see also Loppert v. WindsorTech, Inc.*, 865 A.2d 1282, 1285 (Del. Ch. 2004) (settlement agreement exists where "a reasonable negotiator in the position of one asserting the existence of a contract would have concluded, in that setting, that the agreement reached constituted agreement on all of the terms that the parties themselves regarded as essential and thus that that agreement concluded the negotiations . . ." (citation omitted)), *aff'd*, 867 A.2d 903 (Del. 2005). Moreover, "[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Rohm & Haas Elec. Materials, LLC v. Honeywell*

---

[3]      "The standard of review for enforcement motions is similar to the standard applicable for motions for summary judgment." *Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc.*, 589 F. Supp. 2d 457, 461 (D. Del. 2008). This Court has routinely applied Delaware contract law to the enforcement of agreements involving Delaware corporations to settle litigation filed in this District. *See Parker-Hannifin*, 589 F. Supp. 2d at 461; *Endo Pharm. Inc. v. Mylan Pharm. Inc.*, No. 11-CV-717 (RMB/KW), 2014 WL 2532179, at *7 (D. Del. June 2, 2014); *see also Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1347 (Fed. Cir. 2008) ("We apply state contract law in interpreting a settlement agreement."); *cf. Novamedix, Ltd. v. NDM Acquisition Corp.*, 166 F.3d 1177, 1180 (Fed. Cir. 1999) (applying law of regional circuit to settlement agreement).

      Here, the litigation is conducted in Delaware and Shionogi, Andrx, and Aurobindo Pharma USA, Inc. are all Delaware corporations. (D.I. 1 at 2.) ███████████████

███████████████████████████

*Int'l, Inc.*, No. C.A. 06-297-GMS, 2009 WL 1033651, at *4 (D. Del. Apr. 16, 2009) (citation omitted).

### 1.      The Parties Agreed to All Essential Terms

"Essential terms" are those that form the "heart of the agreement."  *Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc.*, 589 F. Supp. 2d 457, 463 (D. Del. 2008); *see also* Loppert, 865 A.2d at 1285 (settlement agreement must be "on all of the terms that the parties themselves regarded as essential" (citation omitted)); *Endo Pharm. Inc. v. Mylan Pharm. Inc.*, No. 11-CV-717 (RMB/KW), 2014 WL 2532179, at *12 (D. Del. June 2, 2014).  And where the parties agree on essential terms, a contract forms even though there may be non-essential terms to finalize later.  *See Loppert*, 865 A.2d at 1289 ("A settlement agreement is enforceable if it contains all essential terms, even though it expressly leaves other matters for future negotiation."); *Maya Swimwear*, 855 F. Supp. 2d at 234 (same); *Parker-Hannifin*, 589 F. Supp. 2d at 463 (same).

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████  *See Endo Pharm.*, 2014 WL 2532179, at *11 (looking to parties' "course of dealings" over weeks-long negotiation to determine essential terms); *Loppert*, 865 A.2d at 1285 (finding an enforceable agreement where parties had narrowed their negotiations down to a single issue and the offer/acceptance dealt just with that issue).  ███████████████████████

███████████████████████████████████████████████████████

██████████████████



*See Endo Pharm.*, 2014 WL 2532179, at *11; *Loppert*, 865 A.2d at 1285.

*See Maya Swimwear* 855 F. Supp. 2d at 234; *see also Loppert*, 865 A.2d at 1285.[5]

---

[4]

*See Endo Pharm.*, 2014 WL 2532179, at *11 (holding that a term was not essential where, inter alia, party who raised the term initially ceased to raise it in subsequent negotiations).

[5]

*See Parker-Hannifin*, 589 F. Supp. 2d at 462 (finding enforceable contract where "consideration included . . . waiving any compensation for infringement and the parties cross-licensing each other").

Courts applying Delaware law have routinely enforced settlement agreements ██████. In *Endo Pharmeuticals*, the parties' settlement negotiations, which had initially involved four separate terms, eventually focused on just three essential terms. *See* 2014 WL 2532179, at \*1-2. After about a month of negotiation, one party made an offer involving just those three essential terms. *See id.* at \*8. Several weeks later (and after sending a draft agreement containing undiscussed terms), the other party accepted the offer. *Id.* at \*5-8. ██ ██████ the offeror responded, "That's great." *Id.* at \*8. When the offeror refused to honor the settlement agreement, the Court enforced it. *Id.* at \*12. The parties' "course of dealing" demonstrated that only the three negotiated terms were essential to the agreement. *Id.* at \*11-12.

The Court in *Endo Pharmaceuticals* rejected several arguments ████████. *First*, the Court rejected the offeror's contention that its response of "[t]hat's great" evidenced optimism about future negotiations, not the presence of a binding contract. *Id.* at \*8. *Second*, the Court rejected the offeror's argument that the fourth term mentioned in negotiations—but subsequently dropped—was an essential term not addressed in the agreement. *See id.* at \*11. The Court ruled the fourth term was not essential because, inter alia, the party that raised the issue had stopped bringing it up. *See id. Third*, the Court rejected the offeror's position that the undiscussed terms in the draft agreement (circulated prior to acceptance) precluded formation of a binding contract. *Id.* at \*11. The need to resolve additional, non-essential issues did not render the agreement unenforceable. *See id.* at \*12.

Similarly, in *Maya Swimwear*, the parties entered into an oral settlement agreement based on three terms. 855 F. Supp. 2d at 232-33. The three terms of the agreement were confirmed in a subsequent email, although in the same email one party noted that it still had to "tackle Releases and Non–Disparagement Agreements" and "work out the other fine points" of the

agreement. *Id.* The parties subsequently exchanged drafts of a written agreement that contained previously unaddressed terms and were unable to reach a final, written agreement. *Id.* at 233, 236.

Despite this, the Court held that the parties had entered into a binding settlement that contained the essential terms. *Id.* at 237. The Court noted that "a written settlement document will necessarily contain additional, boilerplate and conventional settlement language, not specifically addressed by the parties." *Id.* at 236. Such language does not jeopardize an agreement —nor does the need to resolve "other fine points." *See id.* at 236-37*; see also Loppert*, 865 A.2d at 1289, 1291-92 (enforcing settlement agreement and noting that a written agreement will "[o]bviously" have "additional, boilerplate terms"; relevant inquiry is whether those terms are essential); *Parker-Hannifin*, 589 F. Supp. 2d at 464 (enforcing settlement agreement where parties agreed to essential terms); *Danois v. i3 Archive, Inc.*, No. CIV.A. 11-3856, 2015 WL 156015, at *8 (E.D. Pa. Jan. 12, 2015) (same, applying Pennsylvania law); *MedPointe Healthcare, Inc. v. Kozachuk*, 373 F. App'x 62, 65 (Fed. Cir. 2010) (affirming same, applying New Jersey law) (per curiam) (unpublished); *cf. In re DEEPWATER HORIZON*, 786 F.3d 344, 357 (5th Cir. 2015) (recognizing that, under federal contract law, although release provisions are generally material to a settlement agreement, the "precise terms" of the provision are not).

### 2. The Parties' Agreement to Settle Did Not Need to Be Reduced to a Formal, Signed Writing

"An agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Rohm & Haas*, 2009 WL 1033651, at *4 (citation omitted). Under Delaware law, "a contract's terms can take effect prior to the contract's memorialization and execution." *Maya Swimwear*, 855 F.

Supp. 2d at 235; *see also Simmonds v. United States*, No. CV 16-0365-SLR, 2017 WL 713330,

at *2 (D. Del. Feb. 22, 2017); *Anchor Motor Freight v. Ciabattoni*, 716 A.2d 154, 156 (Del.

1998).  An executed agreement is required only where the parties "positively agree that there will

be no binding contract until the formal document is executed."  *Maya Swimwear*, 855 F. Supp.

2d at 235 (quoting *Anchor Motor Freight*, 716 A.2d at 156).[6]



*See Maya Swimwear*,

855 F. Supp. 2d at 236 ("While the emails provided indicate that a written settlement agreement

was contemplated, the emails do not suggest that enforcement was in any way contingent upon

---

[6]     *Wang Laboratories., Inc. v. Applied Computer Sciences., Inc.*, 958 F.2d 355 (Fed. Cir. 1992), is not to the contrary.  In *Wang Labs*, the Federal Circuit ruled that where "sophisticated" parties "engage[] in extended negotiations over multi-page drafts of the settlement agreement with blank lines for the parties' signatures," they "do not intend to be bound until such written agreements are executed by authorized representatives."  *Id.* at 359-60.  In *Wang Labs*, however, the proposed settlement agreement was meant to replace a pre-existing license agreement that expressly could not be amended or modified absent an executed writing.  *Id.*  Furthermore, *Wang Labs* adopted the district court's use of federal common law, *see id.*; *Wang Labs., Inc. v. Applied Computer Scis., Inc.*, 741 F. Supp. 992, 999 (D. Mass. 1990) (underlying district court opinion focused on federal common law), not Delaware contract law, which would apply here.  *See, e.g.*, *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1347 (Fed. Cir. 2008) ("We apply state contract law in interpreting a settlement agreement."); *Augustine Med., Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1370 (Fed. Cir. 1999); *Sanofi-Aventis v. Apotex Inc.*, 659 F.3d 1171, 1178 (Fed. Cir. 2011); *MedPointe Healthcare,* 373 F. App'x at 65.

memorialization; in other words, the emails do not evidence any 'positive agreement.'"); *Simmonds*, 2017 WL 713330, at *2 (finding no execution requirement where "there is no indication that the parties agreed that the settlement was contingent on a written document being signed by the parties").[7]

**B.**  ████████████████████████████████████████
████████████████████████████████████████████

████████. An "attorney of record in a pending action who agrees to a compromise of a case is presumed to have lawful authority to make such an agreement." *Aksoy v. SelecTrucks of Am., LLC*, No. CIV.A 08-003-GMS, 2009 WL 2992554, at *2 (D. Del. Sept. 18, 2009) (quoting *Clark v. Ryan,* No. 628–K, 1992 WL 163443, at *5 (Del. Ch. June 17, 1992)). "Moreover, once a party shows that an 'attorney purported to unequivocally settle the case,' the opposing party bears the burden of rebutting the attorney's agency." *Id.* (quoting *Aiken v. National Fire Safety Counsellors,* 127 A.2d 473, 475 (Del. Ch. 1956)).

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████  ████████████████████████
████████████████████████████

_____

[7] ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████ *Schwartz v. Chase*, No. CIV.A. 4274-VCP, 2010 WL 2601608, at *5-6

(Del. Ch. June 29, 2010). ███████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███ ████████████████████████████████████████████████████

██████████████████████████████████  ██████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████

        █████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████



*See Aksoy*, 2009 WL 2992554, at *2-3 (rejecting party's claim that counsel lacked authority to enter into settlement agreement); *Corbesco, Inc. v. Local No. 542, Int'l Union of Operating Engineers*, 620 F. Supp. 1239, 1242-44 (D. Del. 1985) (same).

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should grant Plaintiffs' motion to enforce the settlement agreement of this matter.

Dated:  May 23, 2018
**Redacted Version Filed: June 6, 2018**
OF COUNSEL:

David. B. Bassett
WILMER CUTLER PICKERING HALE & DORR LLP
250 Greenwich Street
New York, New York 10007
(212) 230-8800
David.Bassett@wilmerhale.com

Vinita Ferrera
Jonathan B. Roses
WILMER CUTLER PICKERING HALE & DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
Vinita.Ferrera@wilmerhale.com
Jonathan.Roses@wilmerhale.com

David. P. Yin
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Ave NW
Washington, D.C. 20011
(202) 663-6000
David.Yin@wilmerhale.com

*Attorneys for Plaintiff Shionogi Inc.*

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (No. 4952)
Sara E. Bussiere (No. 5725)
600 N. King Street, Suite 400
P.O. Box 25130
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiffs Shionogi Inc. and*
*Andrx Labs, L.L.C.*